**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4446**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

OMAR SHAHEED BASKERVILLE, a/k/a O, a/k/a Omar Dunson, a/k/a
Omar Shahid Baskerville, a/k/a Jerrell Jones,

    Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:12-cr-00036-GBL-1)

---

Submitted:  March 8, 2013    Decided:  March 13, 2013

---

Before WILKINSON, KING, and AGEE, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Cordell A. Hull, PATTON BOGGS LLP, Washington, D.C., for
Appellant.  Neil H. MacBride, United States Attorney, Scott I.
Fitzgerald, Special Assistant United States Attorney,
Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Shaheed Baskerville pled guilty pursuant to a plea agreement to one count of distributing oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2006); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Baskerville's sole argument is that the district court erred when it denied his request for new counsel. Finding no reversible error, we affirm.

We review a district court's ruling on a motion to substitute counsel for abuse of discretion. United States v. Horton, 693 F.3d 463, 466 (4th Cir. 2012). While a criminal defendant has a right to counsel of his own choosing, that right is not absolute. Powell v. Alabama, 287 U.S. 45, 52-53 (1932); Sampley v. Attorney Gen. of N.C., 786 F.2d 610, 612 (4th Cir. 1986). In particular, a defendant's right to choose his own counsel is limited so as not to "deprive courts of the exercise of their inherent power to control the administration of justice." United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988); see United States v. Gonzalez-Lopez, 548 U.S. 140, 152 (2006) ("[A] trial court[] [has] wide latitude in balancing the right to counsel of choice against the needs of fairness and against demands of its calendar[.]") (internal citations omitted).

A defendant's right to receive substitute counsel after the court's initial appointment is similarly limited. Thus, a defendant must show good cause as to why he should receive substitute counsel. Gallop, 838 F.2d at 108. In general, good cause exists when denying substitute counsel would deny the defendant a constitutionally adequate defense. United States v. Johnson, 114 F.3d 435, 443 (4th Cir. 1997) ("A total lack of communication is not required. Rather an examination of whether the extent of the breakdown prevents the ability to conduct an adequate defense is the necessary inquiry."); United States v. Mullen, 32 F.3d 891, 897 (4th Cir. 1994).

A district court has discretion to decide whether substitution of counsel is proper. Gallop, 838 F.2d at 108. In making its decision, the district court must consider both the defendant's reason for seeking substitution and the government's interest in proceeding without a continuance. Morris v. Slappy, 461 U.S. 1, 11-12 (1983); United States v. Reevey, 364 F.3d 151, 157 (4th Cir. 2004). In reviewing the district court's decision on a motion for substitution, this court looks at three factors: the "[t]imeliness of the motion; [the] adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." Gallop, 838 F.2d at 108. With these principles in mind, we have

3

reviewed the record and have considered the parties' arguments and discern no reversible error.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4